Matter of Terrence B. (Terrence J.B.) (2019 NY Slip Op 02614)





Matter of Terrence B. (Terrence J.B.)


2019 NY Slip Op 02614


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Oing, Singh, JJ.


8889 8888

[*1]In re Terrence B., A Child Under the Age of Eighteen Years, etc., Terrence J.B., Respondent-Appellant, The Administration for Children's Services, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the child.



Order of fact-finding and disposition (one paper), Family Court, New York County (Emily Olshansky, J.), entered on or about March 26, 2018, to the extent it found that respondent-father neglected the subject child, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about March 26, 2018, which granted the subject child an order of protection directing respondent to stay away from the child and refrain from communicating with him in any way until the child's 18th birthday, unanimously dismissed, without costs, as abandoned.
A preponderance of the evidence supports the Family Court's finding that respondent neglected the subject child by engaging in multiple verbal and physical altercations with the child's mother, and inflicting physical violence upon her, while the child was present in the home, on at least two occasions (see Matter of Carmine G. [Franklin G.], 115 AD3d 594 [1st Dept 2014]). The child's educational records indicating that he displayed "overly-aggressive and uncooperative" behavior towards teachers and peers and had "significant" behavioral difficulties at home demonstrate that the child was at imminent risk of emotional and physical impairment as a result of the acts of domestic violence (see Matter of Gargano v New York State Off. of Children & Family Servs., 133 AD3d 556 [1st Dept 2015]; Matter of Jeaniya W.[Jean W.], 96 AD3d 622 [1st Dept 2012]; see also Nicholson v Scoppetta, 3 NY3d 357, 371-372 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK